## Rigney *vs.* Hutchins.

Where a trustee, in an action returnable before a justice of the peace, failed, by accident, to appear at the hour, and his default was entered, after which the justice left the place; but the trustee appeared in the course of the same day, the justice and the attorney for the plaintiff being present, and denied his liability, and asked to have a trial, which was refused; on a petition to this court for a new trial, under the statute, the trustee denying under oath that he was indebted, or had any property of the principal, a new trial was granted, the costs of the petition to abide the event of the suit.

Where a new trial is granted upon a judgment rendered by a justice of the peace, the writ of review should be brought in the common pleas.

PETITION for a new trial. The original action was commenced before a justice of the peace, in favor of the respondent, against one Matthewson as principal, and the petitioner as his trustee. The action was once continued. On the day to which it stood continued, the petitioner failing to appear at the hour, his default was entered, and the justice left the place. On his return some time after, on the same day, the attorney of the respondent being present, the petitioner came and asked to have a trial—said that he was not liable as trustee—and complained of the entry of the default—but the respondent's attorney said it was too late,—that he had no power in the matter, and could do nothing about it. The petitioner denied on oath that he was indebted to Matthewson, or had any property of his in his possession.

*H. A. Bellows*, for the petitioner.

*Goodall & Woods*, for the respondent.

PARKER, C. J. The evidence satisfactorily establishes the fact that the default of the petitioner was by accident, and that he intended to have appeared and answered to the action. The attorney of the plaintiff in that suit might well, under the circumstances, have assented that the de-

fault should be taken off, and the case stand for trial ; or the justice might, on motion, have ordered that it should be done, ·the petitioner having made his appearance on the same day, and the counsel for the respondent being present. But judgment having been rendered on the default, the petitioner has no remedy except by this application under the statute, which authorizes the justices of this court to grant one review, or new trial, upon judgments rendered in this court, or in the common pleas, or before any justice of the peace, " if it shall appear to them that justice hath not ' been attained, and that a further hearing of the cause ' would (all circumstances considered) be just and equitable." *N. H. Laws* 54.   The case appears to be one within the intention of the statute, and the prayer of the petitioner is granted, the costs to abide the event of the suit.

The statute provides that the process on said review, or new trial, shall be by writ of review, as in other cases, and that the new trial " shall be in the county where the original cause was tried."   No reviews of judgments of justices of the peace can be instituted, as a matter of right ;  and the clause last cited seems to indicate, that where a new trial is granted in an action in which judgment has been rendered by a justice of the peace, the legislature did not intend that the review should be brought before him.   Cases might occur in which it could not, by reason of his death, removal, or the expiration of his office.   No practice is recollected upon the subject ; but we are of opinion that so long as this court had a jury for the trial of causes, the writ of review might well have been directed to be brought in this court, and that under the transfer of jurisdiction, by the act of 1832, it should now be brought in the common pleas.